IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SIR GIORGIO SANFORD CLARDY,

          Petitioner,

    v.

STATE OF OREGON, et al.,

          Respondents.

Case No. 2:15-cv-00412-YY

FINDINGS AND RECOMMENDATION

YOU, Magistrate Judge.

On April 3, 2015, petitioner filed this 28 U.S.C. § 2254 habeas corpus case challenging four August 2006 drug convictions from Multnomah County. Respondent asks the court to dismiss the Petition on the basis that petitioner was not in custody pursuant to those convictions at the time he filed this action.

## DISCUSSION

Federal habeas corpus law permits prisoners to challenge the validity of convictions under which they are "in custody."

1 - FINDINGS AND RECOMMENDATION

*Garlotte v. Fordice*, 515 U.S. 39, 43-44 (1995); *Feldman v. Perrill*, 902 F.2d 1445, 1446 (9th Cir. 1990); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994). The habeas corpus remedy is an extraordinary one which is not intended to be used "for cases in which the restraints on liberty are neither severe nor immediate." *Hensley v. Municipal* Court, 411 U.S. 345, 351 (1973). Once a habeas petitioner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole--some 'collateral consequence' of the conviction--must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The custody requirement must be satisfied at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Feldman*, 902 F.2d at 1448.

Respondent asserts that the sentences for the convictions at issue in this case expired completely on March 13, 2010. He argues that where petitioner did not file this case until April 3, 2015, he was not in custody pursuant to those convictions such that habeas relief is unavailable to him. Petitioner does not disagree with this characterization, but claims that he should be excused from the custody requirement due to excessive judicial delay in Oregon's state courts. The entirety of his argument on this point reads:

2 - FINDINGS AND RECOMMENDATION

> The state moves to dismiss the petition on the grounds that Clardy's sentence expired after he had filed his petition, relying on *Maleng v. Cook*, 490 U.S. 488, 489-90 (1989). Clardy urges the court to deny that motion on the grounds that an unreasonable delay occurred in his appeal and post conviction processes for which he should not be penalized.

Memo in Support (#47), p. 12.

Although excessive appellate delay may excuse a habeas petitioner from exhausting his state court remedies, *Coe v. Thurmond*, 922 F.2d 528, 530 (9th Cir. 1990), petitioner provides no authority for the proposition that state-court appellate delay excuses the custody requirement. Even assuming the custody requirement could be excused in this manner, it is not possible from the limited record before the court to conclude that petitioner was not the cause of at least some of the delay he claims to have experienced. The court can only ascertain that: (1) petitioner was convicted in August 2006, and his direct appeal became final 29 months later when the Oregon Supreme Court denied review on January 13, 2009; and (2) petitioner filed for post-conviction relief on July 29, 2009, a process that ended when the Oregon Supreme Court again denied review on February 5, 2015. *State v. Clardy*, 345 Or. 618 (2009); *Clardy v. State*, 356 Or. 689 (2015).

3 - FINDINGS AND RECOMMENDATION

From this procedural history, there is no indication that petitioner experienced any unreasonable delay during his direct review. His post-conviction trial and subsequent appeals did take more than five years to complete but such a delay, even if excessive, was not the cause of his inability to meet the custody requirement where petitioner left custody only eight months into his post-conviction proceedings. Accordingly, any delay he may have experienced in his post-conviction proceedings is not germane to the custody issue. The Petition for Writ of Habeas Corpus should therefore be dismissed.

### **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be dismissed, and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

### **SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 14th day of November, 2016.

/s/Youlee Yim You
Youlee Yim You
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION